IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWARD OATS,** | |
| **Petitioner,** | |
| v. | Case No. 3:23-CV-2832-NJR |
| **CHERRYLE HINTHORNE,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Edward Oats, an inmate of the Illinois Department of Corrections currently housed at Illinois River Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state conviction. (Doc. 1). Oats raises 10 independent grounds for relief. (*Id.*). Respondent Cherryle Hinthorne, warden of Illinois River, has filed a motion to dismiss Oats' habeas corpus petition as untimely filed. (Doc. 19).

### BACKGROUND

More than a decade ago, a jury in Jefferson County, Illinois, convicted Oats of three counts of predatory criminal sexual assault for acts he committed against his ex-girlfriend's young children, and an Illinois circuit court sentenced Oats to three life sentences. *See People v. Oats*, 993 N.E.2d 600 (Ill. App. Ct. 2013). The Illinois Court of Appeals affirmed Oats' conviction and sentence on direct appeal, *id.*, and on November 27, 2013, the Illinois Supreme Court denied his petition for leave to appeal ("PLA"), *People v. Oats*, 2 N.E.3d 1049 (Ill. 2013).

Page 1 of 11

On October 2, 2014, Oats filed a state court petition for postconviction relief, which was dismissed by the state circuit court. The Illinois Court of Appeals affirmed the dismissal of Oats' petition on December 21, 2021. *People v. Oats*, 2021 IL App (5th) 170392-U (Ill. App. Ct. 2021). On March 10, 2022, Oats moved in the Illinois Supreme Court for leave to file a late PLA. *People v. Oats*, No. 128531 (Ill. Mar. 10, 2022). The Illinois Supreme Court granted the motion and accepted Oats' late filing, but it again denied Oats' PLA on September 28, 2022. *People v. Oats*, 197 N.E.3d 1068 (Ill. 2022). On August 12, 2023, Oats filed this action seeking federal habeas corpus relief under § 2254. (Doc. 1).

## LEGAL STANDARD

Under § 2254, a district court shall review an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws of the United States. § 2254(a). Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)).

Habeas relief is restricted to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "[A] decision involves an unreasonable determination of the facts if it rests upon fact-

finding that ignores the clear and convincing weight of the evidence." *Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013) (quoting *Goudy v. Basinger*, 604 F.3d 394, 399–400 (7th Cir. 2010)). Any "determination of a factual issue made by a State court shall be presumed to be correct," and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

A one-year statute of limitations applies to petitions for writs of habeas corpus. 28 U.S.C. § 2244(d). The limitation period is triggered by the latest of the following events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at § 2244(d)(1)(A)-(D).

In this case, Respondent argues—and Oats does not dispute—that Oats' judgment of conviction became final on February 25, 2014, which is 90 days after the Illinois Supreme Court denied his first PLA (*i.e.*, his direct appeal). The limitations period then ran for 218 days until Oats filed his postconviction petition on October 2, 2014. At that point, the period paused and did not resume running until January 25, 2022—35 days

after the Illinois Court of Appeals affirmed the dismissal of Oats' postconviction petition—when Oats failed to file a timely postconviction PLA to the Illinois Supreme Court. The limitations period ran for 43 more days and stopped again on March 10, 2022, when Oats filed his successful motion for leave to file a late postconviction PLA. The limitations period again started running when the Illinois Supreme Court denied Oats' postconviction PLA on September 28, 2022. At that point, Respondent argues, Oats had 104 days, or until January 10, 2023, to file a timely § 2254 petition. Because Oats did not file his petition until August 12, 2023, it is late and should be denied.

In response, Oats argues that the Court of Appeals affirmed the dismissal of his postconviction petition during the COVID-19 pandemic, and he had little to no access to the law library at his Illinois Department of Corrections facility. (Doc. 20). Thus, Oats asserts, his delay in filing should be excused because it was caused by the State. *See* § 2244(d)(1)(B).

Respondent acknowledges that, as an exception to the general rule contained in § 2244(d)(1)(A), a prisoner may file a § 2254 petition within one year from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." § 2244(d)(1)(B). She argues, however, that no such unlawful or unconstitutional State action occurred here, nor did any State action prevent Oats from timely filing his habeas petition. (Doc. 21). Alternatively, she argues that Oats is not entitled to equitable tolling due to the COVID-10 pandemic and its effect on his ability to access to the law library.

Oats filed a sur-reply, which generally is not permitted by this Court's local rules. *See* SDIL-LR 7.1(a)(4). In it, he argues that his access to the law library was limited to one or two hours a month, if any, and that he tried to do everything possible to get to the library to do research, get forms and copies, and get his petition filed. (Doc. 22).

"While there is no definition for what constitutes an 'impediment' for purposes of § 2244(d)(1)(B), the Seventh Circuit has held that 'the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.'" *Vanderark v. Greene*, No. 20-1417, 2021 WL 2228059, at *3 (C.D. Ill. June 2, 2021) (quoting *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002)).

The Court finds there is no State-created impediment at play here. Even if Oats' law library access was limited, he has not demonstrated that the State *prevented* him from filing his § 2254 petition. Rule 2(c) of the Rules Governing § 2254 cases provides that a petitioner need only "set forth in summary form the facts supporting each of the grounds" specified in the petition. Given Oats' extensive post-conviction filings, he certainly had sufficient knowledge of his case to at least file a placeholder § 2254 petition without needing to consult his legal materials.

Oats also is not entitled to equitable tolling. Equitable tolling "can extend the one-year period available for filing" when an applicant experiences some extraordinary circumstance, beyond their control, that prevents timely filing. *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020); *see generally Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). The prisoner must also show that he has "diligently pursued his claim, despite the obstacle." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). "[S]imple

legal errors, such as ignorance of the federal deadline, do not suffice." *Perry*, 950 F.3d at 412.

The Seventh Circuit has held that a prisoner's limited access to the prison law library is not grounds for equitable tolling. *Tucker*, 538 F.3d at 735. Some district courts, however, have concluded that "an incarcerated section 2255 movant or a habeas corpus petitioner is entitled to equitable tolling if he can show that disruptions and delays due to COVID-19 prevented him from filing a timely motion." *United States v. Reeves*, No. 14-CV-1588, 2022 WL 17832713, at *7 (N.D. Ill. Dec. 21, 2022). Simply referring to the pandemic is not enough; a petitioner must provide an explanation of how COVID-19 prevented him from timely filing his petition. *Id.*; *see also Zuno v. Brannon-Dortch*, No. 21 C 4786, 2023 WL 4083907, at *6 (N.D. Ill. June 20, 2023); *Katz v. U.S. Dep't of Lab.*, 857 F. App'x 859, 864 (7th Cir. 2021).

Here, Oats attached several exhibits to his response and his sur-reply, which he claims show that passes to the law library were limited between September 28, 2022, when the Illinois Supreme Court denied his postconviction PLA, and August 12, 2023, when he filed his habeas petition. (Docs. 20, 22). On September 12, 2022—before his postconviction PLA was denied—Oats sent a letter to his counselor asking, among other things, about getting passes to the law library to get into his legal boxes. (Doc. 22 at p. 8). In response, Oats was told that "Law Library started this week." (*Id.*). Oats then sent another letter on March 14, 2023, asking who is responsible for determining who gets to go to the library, how many people were ahead of him in line, and why only 10 people were allowed to go. He further stated that he had been trying to get access to his legal

boxes with no response. (*Id.* at p. 9). Oats' counseling summary indicates he received a response on March 15, 2023, stating he would be on the next call line on March 23, 2023, and would have access to his legal boxes at that time. (Doc. 20 at p. 9). In addition to these letters, Oats attached canceled law library call passes from May 2, 2023, May 23, 2023, May 26, 2023, June 6, 2023, June 13, 2023, June 16, 2023, November 2, 2023, and December 7, 2023.

Unfortunately for Oats, none of these documents demonstrates that the law library's closure due to COVID-19 or any related restrictions on visits to the law library prevented him from timely filing his habeas petition. The Illinois Supreme Court denied Oats' postconviction PLA on September 28, 2022. About two weeks before that, Oats had asked about library access and was told that the law library had reopened. Oats then had until January 10, 2023, to file a habeas petition in this Court. Even if Oats did not have access to the law library during that time, as noted above, he has not explained why he needed to go to the law library or how he was prevented from filing even a placeholder § 2254 motion. *See Magee v. Butler*, No. 14-CV-6879, 2015 WL 5951877, at *6 (N.D. Ill. Oct. 13, 2015). And his canceled law library call passes all occurred *after* his deadline to file had already passed.

Finally, to the extent Oats claims that he thought his filing was timely, even with the aforementioned delays, that also is not a basis for equitable tolling, as the "[t]he extent of legal information is controllable; an inmate can go to the prison library and look up the deadline (or ask the librarian or a jailhouse lawyer to do so for him)." *Perry*, 950 F.3d at 412.

## CONCLUSION

For these reasons, the Motion to Dismiss filed by Respondent Cherryle Hinthorne (Doc. 19) is **GRANTED**. The Petition for Writ of Habeas Corpus filed by Petitioner Edward Oats pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires district courts to consider whether to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, a petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)) (emphasis omitted); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (holding that to obtain a certificate of appealability after dismissal on procedural grounds, a petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling").

Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or that Oats presented a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability is denied.

## NOTICE OF APPELLATE RIGHTS

If Oats wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before going to the Seventh Circuit.

If Oats chooses to go straight to the Seventh Circuit, he will only be allowed to proceed on his appeal if he first obtains a certificate of appealability. The undersigned has already declined to issue a certificate of appealability. So, Oats must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal. He must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Oats files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807-08 (7th Cir. 2011) (explaining the excusable neglect standard).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Oats cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Oats plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal,

he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Oats wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within 28 days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707-08 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), & (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day window or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Oats showing excusable neglect or good cause.

IT IS SO ORDERED.

DATED: August 29, 2024

                                                **NANCY J. ROSENSTENGEL**
                                                **Chief U.S. District Judge**